## THE QUEEN *vs.* YOUNG QUAI.

### EXCEPTIONS.

HEARING, JULY 16, 1891.    DECISION, AUGUST 12, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ.    McCULLY, J., ABSENT.

> The Supreme Court has concurrent jurisdiction with the Police and District Courts over an assault with a weapon, obviously and imminently dangerous to life; and when an indictment charging such an offense is presented, it need not be averred that the accused has been committed for trial, for the reason that the committing magistrate was of opinion that the penalty which he was authorized to impose was inadequate. The fact of such commitment affords the conclusive presumption of law that such was his opinion.

### OPINION OF THE COURT, BY JUDD, C.J.

An indictment charging the defendant with an assault with a weapon obviously and imminently dangerous to life upon one Chin Young on the 8th April, 1891, in Honolulu, Island of Oahu, was presented against him, the defendant, on the first

day of the term. The indictment was signed by the Attorney-General, and a true bill found by Mr. Justice Dole, presiding at the term. The defendant demurred to the jurisdiction and submits that "the Court had and has no right to find a true bill against the defendant herein, for the reason that the jurisdiction of the Supreme Court to entertain this cause does not appear upon the records or files herein, nor does it appear that the offense stated in said indictment is of a character or quality such as gives this Court authority to hear or try the defendant upon said charge." The plea was overruled, and exceptions taken and brought to this Court.

By the Penal Code, Section 8 of Chapter IX, the offense of assault, or assault and battery, with a knife, sword cane or other weapon obviously or imminently dangerous to life, is punishable by fine not exceeding $500 and imprisonment at hard labor not exceeding five years. By Chapter LII. of the Penal Code the Police Court and District Courts have jurisdiction for the prosecution, trial and sentence to punishment of any person charged, *inter alia*, with "any assault and battery coming under the 9th section of the 9th chapter of the Penal Code."

It follows that the Supreme Court had, by the general law, jurisdiction of the case. The requisites of the law as to commitment, presentation of indictment to the Presiding Judge, and his finding a true bill have been complied with.

Certain Acts of the Legislature, to wit, of 1870, 1880 and 1882, confer upon the Police and District Courts concurrent jurisdiction with the Supreme and Circuit Courts of all cases of assault with knives, sword canes and other weapons obviously dangerous to life, and in cases where the offense is not of a highly aggravated character the Police and District Courts may punish the offender by a fine not exceeding two hundred dollars and by imprisonment at hard labor not exceeding two years, but in cases where such punishment would be inadequate, the offender shall be committed for trial according to existing provisions of law.

It is thus made optional with the lower court either to take jurisdiction and proceed to judgment, if it finds the offense to

be not of a highly aggravated character, or to commit forthwith if it finds the offense to be of such a character that the punishment it is authorized to inflict would be inadequate. In this case the magistrate has committed for trial. He has declined to entertain summary jurisdiction. There arises, then, a conclusive presumption of law that the magistrate has found the case to be of such a nature that a sentence of two hundred dollars fine and two years' imprisonment at hard labor would be inadequate punishment. It is not necessary that he should have so certified in his transcript of the evidence upon which the commitment is founded, which he is required to send to the Attorney-General. This transcript has been repeatedly held to be no part of the record in the Court to which the commitment is made.

It must be borne in mind that the Supreme and Circuit Courts have original criminal jurisdiction co-extensive with the jurisdictions for which they are created, and the legislation in regard to assaults with deadly weapons has not taken this jurisdiction away, but has conferred a concurrent jurisdiction over them upon the lower courts, where the assault is not of a highly aggravated character. See *Naihe vs. Kuau,* 4 Hawn., 297.

It is not essential that it appear in the indictment that the accused has been committed for trial. This is a matter for the Presiding Justice when examining the indictment presented to him for allowance.

If it should appear on the trial upon the indictment that the offense was not of a highly aggravated character, and that the Police Justice might well have taken summary jurisdiction of it, this would not oust the Supreme Court of its concurrent jurisdiction. In such a case the defendant would not be prejudiced, for the Presiding Justice, in the exercise of his discretion over the punishment, would be authorized to impose a penalty within the limits of the jurisdiction of the Police Court.

The case cited by the defendant's counsel, *State vs. Hilton,* 22 N. H., 285, is not in point. There, the indictment left out the word "knife," so, as the Court say, "all that part of the indictment which went to make the offense an aggravated assault

committed with the knife should be rejected as surplusage. The indictment was thereby left as one for a simple assault and battery, and falling within the jurisdiction of a Justice of the Peace to try." Upon the statutes of New Hampshire the Court held that before the Court of Criminal Pleas could take cognizance of an indictment for an assault and battery, it must appear that respondent had been arrested, brought before a Justice of the Peace and bound over to appear at the succeeding term of the Common Pleas, and that it was the intention of the statute to confine the trial of common assaults and batteries to Justices of the Peace.

In our case the jurisdictional facts are set forth in the indictment, for an offense is there set out of which the Supreme Court has original jurisdiction, and in all such cases the proceeding is by indictment upon a commitment by a Police or District Justice. This part of the procedure it is not necessary to set out in the indictment any more than the fact that the accused was arrested for the offense upon a warrant issued upon sworn information.

We overrule the plea.

*Attorney-General Whiting,* for the Crown.

*Ashford & Ashford,* for defendant.